UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STACEY FIEDLER,

                                           Plaintiff,

                     -vs-                                            13-CV-218JTC

RECOVERY SPECIALIST GROUP, LLC,
and DOES 1-10 inclusive,[1]

                                           Defendants.

---

## INTRODUCTION

On February 27, 2013, plaintiff, Stacey Fiedler, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, Recovery Specialist Group, LLC, failed to appear and defend this action, which resulted in the Clerk of the Court's entering of default on March 29, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 10. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

### 1. Default Judgment Standard

Before obtaining default judgment, a party must first secure a Clerk's Entry of

---

[1] Does 1-10 are described in the complaint as individual employees of the defendant Recovery Specialist Group, LLC. Plaintiff has not pursued the action against the Doe defendants and has moved for default judgment as to the corporate defendant only.

Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed.R.Civ.P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2. Liability**

As set forth in the complaint, the facts are straightforward. In the year preceding the commencement of this action, defendant began collection activities on a debt allegedly incurred by plaintiff. It telephoned plaintiff at her place of employment, after being informed that this inconvenienced plaintiff and/or was prohibited by her employer. Defendant threatened legal action against the plaintiff and engaged in conduct that was intended to harass, oppress, or abuse the plaintiff. In telephone communications, defendant did not identify itself as a debt collector. Item 1, ¶¶ 19-26.

Plaintiff alleges a number of violations under provisions of the FDCPA, including sections 1692c(a)(1), (a)(3), 1692d, 1692d(2), 1692e, 1692e(5), (10), (11), and 1692f. These provisions of Title 15 prohibit various acts, including communication at a time or place known to be inconvenient to the consumer, communications with the consumer at a place of employment when the debt collector has reason to know that this is prohibited by the employer, the use of obscene or profane language, false or misleading representations, conduct that is intended to harass, oppress, or abuse any person, and threats to take action that cannot legally be taken or is not intended to be taken. As plaintiff has sufficiently alleged defendant's violations of the FDCPA, liability under the FDCPA is established.

**3. Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including improper contact at the plaintiff's place of employment, the failure to identify itself as a debt collector, and threats to take legal action when such action is not lawful. Under the circumstances, the court finds these violations of the FDCPA not particularly egregious or intimidating and awards plaintiff a total of $400 in statutory damages pursuant to 15 U .S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions, LLC,* 2012 WL 400789, *3 (W.D.N.Y. February 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent).

### 4. **Attorneys' Fees and Costs**

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 11.1 hours on the case and seeks an hourly rate of $180. The court finds the number of hours expended on the case to be reasonable and the requested hourly rate consistent with the prevailing market rates in this district for FDCPA cases. *See Halecki v. Empire Portfolios, Inc.,* --- F.Supp.2d ----, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff). Additionally, the request for costs is reasonable. Accordingly, the court awards attorney's fees in the amount of $1,998 and costs of $425.

**CONCLUSION**

Accordingly, plaintiff's Motion for Default Judgment (Item 10) is GRANTED. Plaintiff is awarded $400 for defendant's violations of the FDCPA, $1,998 in attorney's

fees, and $425 in costs.  The Clerk of the Court is directed to close this case.

So Ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: August 29    , 2013
p:\pending\2013\13-218.aug28.2013